Dennis Yan
300 Frank H. Ogawa Plaza, Suite # 218
Oakland, Ca 94612
Phone (415) 867-5797
Fax (415) 901-0650
Creditor in pro se

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

BOB'S BROILER, INC.,

    Debtor.

Case No.: 12-32384 DM
Chapter 7

CREDITOR DENNIS YAN'S TRIAL BRIEF

Trial Date: June 2, 2014
Time: 9:30 AM
Dept. 22

## BACKGROUND

I was hired by debtor's principal Mr. Zheng Chiu Chan to represent debtor corporation, Bob's Boiler, Inc., to oppose the involuntary bankruptcy commenced against debtor by Mr. Brian Lee. The attorney fee agreement was signed on 9/2/2012 which provided for attorney's fee at the hourly rate of $300/hour except if the opposing to the involuntary bankruptcy turns out to be unsuccessful, in which case the hourly fee will be $200/hr.

I started working billable hours starting on 9/2/2012 and continuously to 11/9/2012 when I received a call from debtor's attorney Ruth Auerbach asking me to sign the substitution of attorney form so that she can replace me as debtor's attorney of record.

Prior to receiving Mrs. Auerbach's call, I was not aware that debtor intended to withdraw its opposition to the involuntary petition. I only found out after Mrs. Auerbach filed the "Consent to Chapter 7 Case" document on 11/12/2012 as doc#17 on behalf of debtor.

- 1

Under the time that I was debtor's attorney, I kept a contemporaneous record of the billing hours and expenses. The total billable hours were 19.2 hours with reimbursable expenses of $14 for a total billing of $5,760. Debtor had paid $800 on 9/2/2012 and $500 on 9/13/2012. Crediting the amounts paid by debtor, the balance due by debtor is $4,474, which is the amount of the claim filed in this court as claim #1.

## TRIAL ISSUES

There was no objection to claim #1 by the Chapter 7 trustee.

I have tried to meet and confer with debtor's current attorney of record Mr. Samuel Pooler, but I was told that he will not be representing debtor at this trial. Up to now, I do not know who will be debtor's attorney for the trial. Because I have not been able to meet and confer, I do not know what are the issues or legal basis for debtor's objection. From Mr. Chan's prior court filings with this court, it appears that Mr. Chan's main object or allegations against me are that (1) I failed to maintain proper communications, and (2) I did not appear at the status conference held on October 19, 2012 without notifying the court in advance.

Both of these allegations are misrepresentations of the facts.

Contrary to Mr. Chan's allegation, I had constant contact with him throughout the time that I was the attorney for debtor, and had updated him frequently on the progress of the case. Following are records of the dates that I had communications with him as memorialized on the billing statement.

> 9/2/12
> review involuntary petition files, client meeting to discuss case background, email brian re dispute
> 09/10/12
> review dockets, filing deadlines, phone client, client meeting to review brian invoices and background
> 09/13/12
> cli meeting to discuss response strategies
> 09/15/12
> phone client re dispute; receive and review fax from brian lee regarding motion to relieve as attorney and notice of fee arbitration, call client re same
> 09/25/12
> phone client re status, review docket for updates
> 10/16/12
> reply to client inquiry re status conf
> 10/18/12

- 2 -

```
            ph cli re hearing, email brian
10/25/12
            rv notice of depo, fwd notice to client
10/28/12
            phone client re motions for summary judgment
10/29/12
            client meeting re response to summary judgment
10/31/12
            Client meeting
11/08/12    phone client re hearing
```

As can be seen from the records of my communications with Mr. Chan all throughout the two months period from September to November of 2012, Mr. Chan's allegation that I failed to maintain proper communications is false.

As to the status conference on October 19, 2012, it is true that I did not appear, but that was made known to the Court and all parties prior to the conference. In preparation for the conference, I had prepared and filed a Status Conference Statement with the Court and served on all parties. The Status Conference Statement provided the court with my assessment of the case as well as my notice to the court that I will submit on the statement without appearance due to preexisting conflicts. I had meet and conferred with all parties both before and after the conference, and I was aware that at the conference the court had set the date of 11/30/2012 as the next status conference. Thus, Mr. Chan's allegation that I did not inform the court of my non-appearance is false. Also, Mr. Chan has not stated what, if any, prejudiced was caused by my non-appearance.

There is no factual basis to debtor's objections to clam #1, and therefore the court should allow the claim in its entirety.

Date: May 27, 2014

Sincerely,
/s/Dennis Yan